Joseph M. Conroy, J.
This is an action for a permanent injunction restraining picketing on the ground that no labor dispute, within the meaning of section 876-a of the Civil Practice Act of the State of New York, exists between the plaintiffs and the defendants, and for damages resulting from the picketing.
The defendants deny the material allegations of the complaint, admit the picketing and the legend on the signs carried by the pickets, and set up affirmative defenses (1) that Ramon Perez and John Mangas were discharged solely because of their membership in and activities on behalf of the defendant Local 325; (2) that the plaintiff Louis Yeoukas unlawfully refused to rehire Ramon Perez because of his membership in Local 325; (3) that plaintiffs refuse to recognize Local 325 as the sole collective bargaining representative of the majority of plaintiffs’ employees; (4) that the plaintiffs come to equity with unclean hands; and (5) that the picketing here constitutes an exercise of the defendants’ right of free speech.
After trial I find as follows: That before August 27, 1959, the restaurant business known as the Shortstop Lunch was owned by Despina Dellis; that she had at least two employees named Ramon Perez and John Mangas; that Perez and Mangas were members of the defendant union Local 325; that on August 27, 1959, Despina Dellis sold the restaurant business known as the Shortstop Lunch to the plaintiffs, George Tsounis and Louis Yeoukas, copartners doing business under the name and style of Shortstop Lunch; that the sale was bona fide; that simultane *1062 ously with the sale of this business Despina Dellis discharged Perez and Mangas; that thereafter the business was conducted by the plaintiffs and Oleo Tsounis, wife of the plaintiff George Tsounis, but Oleo Tsounis was not a partner; that there were no other persons employed by the plaintiffs in the business; that Ramon Perez and John Mangas were not discharged solely because of their membership in and activities on behalf of the defendant union Local 325; that the plaintiff Louis Veoukas did not refuse to rehire Ramon Perez because of his membership in Local 325; that Local 325 was not the designated bargaining representative of the plaintiffs’ employees; that there was no lock out of plaintiffs ’ employees; that the picketing here was not an exercise of the right of free speech; that there was no labor dispute within the meaning of section 876-a of the Civil Practice Act of the State of New York; and that the plaintiffs are entitled to judgment granting a permanent injunction as prayed for in the complaint.
In making this decision the court is mindful of the opinion in Greenberg v. Halpern (23 N. Y. S. 2d 903). No disposition is made of plaintiffs’ claim for damages in view of the stipulation of the parties. Let judgment be entered accordingly. Submit judgment.